**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06CV-P186-R**

**MARK A. PRICE**                                                                                           **PLAINTIFF**

**v.**

**JOHN D. REES** *et al.*                                                                                   **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for reconsideration (DN 15), the Kentucky Justice & Public Safety Cabinet's motion for extension of time to file waivers of service (DN 16), and the Kentucky Department of Corrections's motion for a revised scheduling order (DN 17). Each is addressed below.

**Plaintiff's motion for reconsideration (DN 15)**. On initial review of Plaintiff's 42 U.S.C. § 1983 civil rights action pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed Plaintiff's Eighth Amendment deprivation of exercise and exposure to second-hand smoke claims to proceed against Defendants in their individual capacities and in their official capacities for injunctive relief, but dismissed the remainder of Plaintiff's other claims. Included in the claims that the Court dismissed was Plaintiff's claim that his health was in danger because the prison food services serves processed food and allows inmates with communicable diseases to work in the kitchen. Specifically, in Exhibit 5 of Plaintiff's complaint, he alleges that food services does not properly test inmates who work in the kitchen for diseases and that this could "possibly" cause harm to himself and other inmates. Plaintiff claims that inmates that have HIV and Hepatitis C may be working in the kitchen potentially exposing him to the threat of disease. He also claims that non-inmate kitchen workers could also have communicable diseases. On initial review the Court

found this claim was subject to dismissal because Plaintiff had not alleged an actual injury, and therefore, lacked standing. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State*, 454 U.S. 464, 471 (1982); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995).  Nothing has changed that would alter the Court's opinion.  Plaintiff has failed to identify any individual kitchen worker that has a communicable disease and has likewise failed to identify any kitchen duties such a person performs that places Plaintiff at risk of contracting diseases.  In the absence of such facts, Plaintiff's claim of injury is entirely too speculative.  Accordingly, Plaintiff's motion to reconsider (DN 15) is **DENIED.**

**Motion for extension of time to file waivers (DN 16) and motion for revised scheduling order (DN 17).**  The Kentucky Justice & Public Safety Cabinet has moved for an extension of time to file waivers of service.  The Cabinet explains that "Return of Service Executed as to Office of General Counsel, was signed by unauthorized staff and not by counsel or his designee representing any Justice Cabinet official or institution."  Therefore, the Court's Order was apparently not timely acted upon.  As such, the Cabinet has moved for an extension of time to file waivers, and the Department of Corrections has moved for corresponding modifications of the Court's prior Scheduling Order.  Upon consideration, the motions (DN 16 & 17) are **GRANTED.  The Court's prior Scheduling Order, DN 13, is MODIFIED as follows:**

(1) General Counsel for the Kentucky Justice and Public Safety Cabinet shall have **up to and including February 15, 2008,** to complete and return a notice of waiver of service for Defendants**.  If General Counsel is unable to secure a waiver for any Defendant, he/she shall**

**notify the Clerk on or before February 15, 2008.**  Upon receipt of said notification, the Clerk shall issue summons and cause a copy of the complaint and summons to be served on each Defendant for whom waiver is not timely returned.

      (2)      The answer to the complaint shall be filed no later than **60 days** after waiver of service.  However, if service is required, the answer shall be filed no later than **20 days** after service of summons.

      (3)      The parties shall complete all pretrial discovery herein no later than **June 3, 2008**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claims set forth in this complaint.  Counsel shall certify that the production is complete.  Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his claims.  He shall certify that production is complete.

      (4)      No later than **July 3, 2008**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

      (5)      No later than **August 4, 2008**, Defendants shall file a pretrial memorandum.  In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

      (6)      Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution

of the pending motion.  All dispositive motions shall be filed no later than **August 4, 2008**.

Date:

cc:       Plaintiff,  *pro se*
          Defendants
          William C. Biddle, Esq., Justice and Public Safety Cabinet, Office of Legal Services, 125 Holmes Street, Frankfort, Kentucky 40601

4413.008