UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P186-R

**MARK A. PRICE**  **PLAINTIFF**

v.

**JOHN D. REES** *et al.*  **DEFENDANTS**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis* (DN 20) and for appointment of counsel (DN 19). Each is addressed below.

Plaintiff has already been granted the right to proceed *in forma pauperis* in this action (DN 5). Accordingly, his most recent motion to proceed *in forma pauperis* (DN 20) is **DENIED as moot**.

Prisoners do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the Court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of Plaintiff to represent himself. *Id.* At this stage in the litigation, the Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel at this time. Further, based on the pleadings filed thus far, it appears that Plaintiff is able to access the courts and to represent himself. Plaintiff's pleadings are coherent and legible, reflecting his ability to express himself to the Court. Thus, the Court concludes that Plaintiff has not set forth any exceptional circumstances warranting appointment

of counsel at this time.  As such, Plaintiff's motion for appointment of counsel (DN 19) is **DENIED**.  Nothing in this Order shall prohibit Plaintiff from renewing his motion at a later date should his circumstances change.

Date:

cc:         Plaintiff, *pro se*
            Counsel of Record

4413.008